UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL T. SONTCHI,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-00-700** |
| | § | |
| **NATHANIEL QUARTERMAN,**[1] | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Petitioner's Motion for Relief from Judgment (Dkt. No. 21), Motion to Proceed In Forma Pauperis (Dkt. No. 22) and Motion for Appointment of Counsel (Dkt. No. 23). After considering the motions and the applicable law, the Court is of the opinion that Petitioner's motions should be denied.

In an Order dated March 15, 2001 (Dkt. No. 13), the Court granted Respondent's Motion to Dismiss (Dkt. No. 5). The Court entered Final Judgment the following day (Dkt. No. 14). In its dismissal Order, the Court found that Petitioner's habeas petition was untimely because it was filed after the expiration of the one-year limitations period applicable to habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. No. 13. Following dismissal of his habeas petition, Petitioner filed a motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 15. Noting that it had previously addressed and rejected Petitioner's arguments, the Court denied the motion in an Order dated April 25, 2001. Dkt. No. 17.

Nearly seven years later, Petitioner again moves that the Court grant him relief from its judgment. Petitioner now contends that he should be relieved from the Court's judgment pursuant

---

[1] Nathaniel Quarterman is the proper respondent and is hereby substituted as such. FED. R. CIV. P. 25(d)(1).

to Federal Rule of Civil Procedure 60(b).

Under AEDPA, before a prisoner can file a successive habeas petition in district court, he must first obtain leave to file a successive petition from the appropriate circuit court. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Compliance with § 2244(b)(3)(A)'s certification requirement is a prerequisite to the district court's jurisdiction. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The Fifth Circuit has held that motions under Federal Rule of Civil Procedure 60(b) seeking reconsideration of a denial of a habeas petition are normally treated as successive habeas petitions under AEDPA. *Hess v. Cockrell*, 281 F.3d 212, 214-15 (5th Cir. 2002); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999). Petitioner has not obtained leave from the Fifth Circuit to file the pending motion, and thus the Court does not have jurisdiction to consider it. Accordingly, Petitioner's Motion for Relief from Judgment (Dkt. No. 21) is **DENIED**.

Petitioner's Motion to Proceed In Forma Pauperis (Dkt. No. 22) and Motion for Appointment of Counsel (Dkt. No. 23) are therefore **DENIED** as moot.

It is so **ORDERED**.

Signed this 24th day of April, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE